IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RESIDENTIAL CAPITAL PARTNERS SECURED LOAN FUND X, LLC, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-171-B-BN |
| JILL M. HUBBELL, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
SUBJECT-MATTER JURISDICTION**

Senior United States District Judge Jane J. Boyle granted the unopposed motion to withdraw as supplemented filed by counsel for Defendant Jill M. Hubbell and then referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. Nos. 27 & 33-37.

Plaintiff Residential Capital Partners Secured Loan Fund X, LLC ("Residential") filed this lawsuit under the Court's diversity subject-matter jurisdiction, alleging that "Plaintiff is a limited liability company organized under the laws of Texas with an address [in] Dallas, Texas" and that Hubbell "is an individual resident of the State of Washington whose address is [in] Camas, Washington." Dkt. No. 1, ¶¶ 2 & 3.

And Judge Boyle previously notified Residential of deficiencies as to its pleading subject-matter jurisdiction:

> The Court concludes that the parties' diversity of citizenship, and by extension its jurisdiction, is unclear. "[T]he citizenship of a [limited liability company] is determined by the citizenship of all of its members."

> *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). An individual is a citizen their state of domicile, which is the place where the individual (1) is a resident and (2) intends to remain. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Plaintiff failed to plead the citizenship of each member of the LLC because it stated that each member resides in Texas, but it did not allege their citizenship. *See* Doc. 6. Accordingly, the Court orders the following: By Monday, February 10, 2025, Plaintiff must either: (1) file an amended Complaint addressing the deficiencies identified in this Order, or (2) show cause, in writing, why this case should not be dismissed for lack of subject-matter jurisdiction.

*E.g.*, Dkt. No. 7 (cleaned up); *see also* Dkt. Nos. 3 & 6.

Residential responded to Judge Boyle's second deficiency order not by identifying its members but by providing evidence (a declaration) that each of its members "is a resident of the State of Texas, is domiciled in the State of Texas, and, as of the date of Declaration, intends to remain in the State of Texas." Dkt. No. 8.

And Residential subsequently identified its members in response to the Court's order to file a disclosure statement under Federal Rule of Civil Procedure 7.1. *See* Dkt. Nos. 21 & 22.

Regardless, Residential's subject-matter jurisdiction allegations remain defective. For example, as to its members, it's not enough to declare in a conclusory manner that each is "domiciled in the State of Texas." Similarly, Residential fails to plausibly allege Hubbell's domicile.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And, while the party invoking subject-matter jurisdiction is not required to prove an intent to make the place of residency a party's permanent home,

> [i]n determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

So, where the party invoking subject-matter jurisdiction under Section 1332 (1) merely concludes that a party is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any party, a court cannot find that a party's domicile has been plausibly alleged and that complete diversity supports subject-matter jurisdiction under Section 1332.

To address this deficiency, the Court invites Residential to file an amended complaint by **November 12, 2025**.

Failure to do so may result in the undersigned recommending that Judge Boyle dismiss this lawsuit for lack of subject-matter jurisdiction. *Cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

SO ORDERED.

DATED: October 21, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE